IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERI LYNN SMITH n/k/a § | | |
| CHARLI ROSE NICHOLS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:19-cv-02406-X-BT | |
| § | | |
| WELLS FARGO BANK N.A., § | | |
| § | | |
| Defendant, § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is a Motion for New Trial under Fed. R. Civ. P. 59(e) (ECF No. 50) filed by Plaintiff Sheri Lynn Smith n/k/a Charli Rose Nichols. For the following reasons, the Motion should be DENIED in part and GRANTED in part. Specifically, the Court should deny Nichols's request for a new trial but should grant her relief from the judicial foreclosure contained in the Judgment (ECF No. 49).

## Background

This is the fourth unsuccessful lawsuit Plaintiff Sheri Lynn Smith n/k/a Charli Rose Nichols (Nichols) has filed attempting to prevent the foreclosure of her home.[1] Accordingly, the Court recites only the facts pertinent to Nichols's Motion for New Trial.

---

[1] *See Nichols v. Wells Fargo Bank, N.A.*, 3:18-cv-02184-B; *Nichols v. Wells Fargo Bank, N.A.*, 3:17-cv-02096-M-BH; *Nichols v. Wells Fargo Bank, N.A.*, 3:16-cv-

1

Nichols filed the present action in Texas state court seeking a temporary restraining order prohibiting Wells Fargo from conducting a scheduled foreclosure sale. *See* Not. Rem. Ex. C-2, 2 (Original Pet.) (ECF No. 1-5). Wells Fargo timely removed the case to this Court on October 10, 2019. *See* Not. Rem. 1 (ECF No. 1). On May 22, 2020, Nichols amended her Complaint, alleging only two causes of action: breach of the Settlement Agreement and fraudulent inducement. Am. Compl. 5 (ECF No. 30). Wells Fargo, meanwhile, filed counterclaims against Nichols seeking (1) an entry of an order of judicial foreclosure, including its debt, damages, and costs; (2) a writ of possession issued against Nichols, Smith, and anyone else claiming an interest in the Property; and (3) a declaratory judgment awarding Wells Fargo its reasonable and necessary attorneys' fees and costs. Counterclaim & Third-Party Compl. 5-6 (ECF No. 20).

On August 18, 2021, the undersigned filed Findings, Conclusion, and a Recommendation (FCR) recommending that the District Court grant Wells Fargo's Motion for Summary Judgment and deny Nichols's Motion for Summary Judgment. *See* F.C.R. 19 (ECF No. 46). The District Court then entered an Order Accepting the FCR on September 2. Ord. 1 (ECF No. 47). After this Order, but before the District Court entered judgment, Nichols and Wells Fargo fully reinstated the loan serving as the basis for Wells Fargo's foreclosure claim. Def.'s Resp. 2 (ECF No. 62). The District Court filed a Judgment on January 27, 2022,

---

02654-G-BK.

authorizing Wells Fargo to commence with judicial foreclosure. Final Judg. 2-3 (ECF No. 49).

After the Judgment was filed Nichols brought the instant Motion for New Trial. Nichols's Motion argues that the Court should rescind the Judgment because foreclosure is no longer warranted based on the loan's reinstatement. Pl.'s Mot. ¶¶ 4-7 (ECF No. 50). Wells Fargo filed a Response (ECF No. 62) and Nichols filed a Reply (ECF No. 63). Therefore, the Motion is fully briefed and ripe for review.

## Preliminary Matters

In her Reply, Nichols asserts that the Court should set aside the Judgment because of new evidence that has been uncovered since the Judgment was filed. Pl.'s Reply ¶¶ 1-3. When new evidence or arguments are raised in a reply, a court may strike the evidence or arguments. *See Penn. Gen. Ins. Co v. Story*, 2002 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (Fish, C.J.). Accordingly, because Nichols makes this new argument presenting new evidence in a Reply—thereby depriving Wells Fargo a chance to respond—the Court strikes this argument and will not consider it. *White v. City of Red Oak, Tex.*, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (Solis, J.); *Story*, 2003 WL 21435511, at *1 ("[C]ourt[s] generally will not consider arguments raised for the first time in a reply brief." (citations and internal quotation marks omitted)); *Jackson v. Dallas Cnty. Juvenile Prob. Dep't*, 2007 WL 2187250, at *4 (N.D. Tex. July 30, 2007) (Lynn, C.J.) (holding that allowing argument in a reply "would deprive the non-movant of a meaningful opportunity to respond"); *see also United States v. City of Dallas, Tex.*, 2011 WL

4912590, at *4 (N.D. Tex. Sep. 27, 2011) (Ramirez, J.) ("It is well established that a party may not file evidence with a reply brief without first obtaining leave of court." (citation omitted)), *rec. adopted sub nom. Moore v. City of Dallas, Tex.*, 2011 WL 4907303 (N.D. Tex. Oct. 14, 2011).

## Legal Standard & Analysis

The Court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Federal Rule of Civil Procedure 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines the applicable rule based on when the motion is filed. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the court considers the motion under Rule 59, and if the movant filed the motion beyond that time period, the court analyzes it under Rule 60. *Id.* Here, Nichols filed the Motion within twenty-eight days of the Judgment, so the Court considers the Motion under Rule 59.

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). While "Rule 59(e) permits a court to alter or amend a judgment," it "may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and internal quotation marks omitted). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all facts." *Id.* "Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Nichols first argues that "it was a manifest error of the Court to grant summary judgment against Plaintiff." Pl.'s Mot. ¶ 3. In making this argument, Nichols does no more than rehash old arguments from the summary judgment stage. She merely argues that the Court was wrong to find that she failed to meet her summary judgment burden on the issue of damages for her breach of contract claim and that the Court was wrong to find that Wells Fargo carried its summary judgment burden for its counterclaim. These issues have already been litigated, and the Court has already dealt with these arguments. *See* F.C.R. 10-11, 13-15 (ECF No. 46). Moreover, Nichols does not identify any manifest legal error—she cites no legal precedent and does nothing more than baldly state that the Court was incorrect.

5

Nichols's only other argument is that the circumstances of the case have changed because she and Wells Fargo have reinstated the loan. Pl.'s Mot. ¶¶ 4-6. Wells Fargo admits that it reinstated Nichols's loan after the Court accepted the Findings, Conclusions, and Recommendation, but before it entered the Judgment. Def.'s Resp. 5. Because of this, Wells Fargo admits that it cannot enforce the Judgment against Nichols. *Id.* at 5. But even so, Nichols fails to demonstrate why this post-litigation change in circumstances requires the extraordinary remedy of vacatur. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." (citation omitted)).

Moreover, because this settlement occurred before the Judgment, it is not "new evidence"—Nichols could have brought it to the Court's attention prior to the Judgment. Accordingly, the mortgage reinstatement is not a proper basis for the extraordinary relief offered by Rule 59(e). *Sentry Select Ins. Co. v. Home State Cnty. Mut. Ins. Co.*, 582 Fed. App'x 284, 287 (5th Cir. 2014) (per curiam) ("[I]if [the plaintiff's] new claims could have been asserted before the district court's entry of final judgment but were not, then vacating the judgment under Rule 59(e) to allow assertion of the claims would clearly be improper."); *see also Iacovangelo v. Corr. Med. Care*, 2015 WL 277590, at *3 (W.D.N.Y. Jan. 22, 2015) (denying Rule

59(e) relief when the plaintiff "was aware of the settlement agreement prior to entry of judgment, but did not bring it to the Court's attention").

However, Nichols alternatively asks that the Court grant her relief from the Judgment under Rule 60(b)(5). Pl.'s Mot. ¶ 7. Rule 60(b)(5) allows a Court to grant relief from a judgment that "has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(5). Wells Fargo agrees that Nichols should be granted relief from the Judgment and "the specter of a foreclosure." Def.'s Resp. 6. Given that both parties agree that Wells Fargo can no longer properly foreclose given the loan reinstatement, and because both parties agree that Nichols should be granted relief from the Judgment, the Court should grant Nichols's Rule 60(b)(5) request for relief. Specifically, the Court should order that Wells Fargo may not foreclose on Nichols's home based on the Judgment.

## RECOMMENDATION

For the reasons stated, the Court should DENY in part and GRANT in part Plaintiff Sheri Lynn Smith n/k/a Charli Rose Nichols's Motion for New Trial Under Fed. R. Civ. P. 59(e) (ECF No. 50). Specifically, the Court should deny Nichols's Motion under Rule 59(e) but grant her relief from the Judgment under Rule 60(b)(5) by ordering that Wells Fargo cannot foreclose based on the Judgment (ECF No. 49).

**SO RECOMMENDED.**

August 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).